UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEVEN D. BLUMHAGEN,

                           Petitioner,

        v.                                              **DECISION AND ORDER**
                                                        03-CR-56S
                                                        07-CV-854S

UNITED STATES OF AMERICA,

                           Respondent.

## I.  INTRODUCTION

Presently before this Court is Petitioner Steven D. Blumhagen's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255.  For the reasons discussed below, Petitioner's motion is denied.

## II.  BACKGROUND

On April 18, 2006, Petitioner appeared before this Court and pled guilty to Counts 1 and 16 of the Indictment, which charged him with conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, and mail fraud in violation of 18 U.S.C. § 1341, respectively. (Docket Nos. 175, 179.) The charges together carried a possible maximum sentence of ten years imprisonment, a $500,000 fine, or both.  (Docket No. 175, ¶ 1.)

In the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 23, and that Petitioner's criminal history category was I, which resulted in a Guidelines sentencing range of 46 to 57 months, a fine of $10,000 to $100,000, and a period of supervised release of up to three years.  (Docket No. 175, ¶¶ 8-14.)

Included in the plea agreement is Petitioner's acknowledgment that he

> previously agreed in writing to waive a statute of limitations defense to the charges in Count 1 and Count 16 of the Indictment;
>
> understands that [he] has no right to withdraw the plea of guilty based on the Court's determination of [his] criminal history category;
>
> knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2), and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 14 above, notwithstanding the manner in which the Court determines the sentence;
>
> understands that by agreeing to not collaterally attack the sentence, [he] is waiving the right to challenge the sentence in the event that in the future [he] becomes aware of previously unknown facts or a change in the law which [he] believes would justify a decrease in the [his] sentence.

(Docket No. 175, ¶¶ 2, 13, 22.)

On December 15, 2006, this Court sentenced Petitioner to a term of imprisonment of 57 months on Count 1, and 48 months on Count 16, to run concurrently. (Docket Nos. 224, 227.) This Court also imposed a three-year term of supervised release on each count, to run concurrently, and restitution in the amount of $10,731,240.97.[1] (Docket Nos. 224, 227.) No fine was imposed. (Docket No. 227.) The Clerk of the Court filed the sentencing judgment on December 22, 2006. (Docket No. 227.) Petitioner did not appeal his conviction or sentence.

On December 28, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or

---

[1] Restitution is joint and several with co-defendant David Trotter. (Docket No. 224.)

Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255. (Docket No. 230.)

Respondent filed a response seeking dismissal of the petition on June 9, 2008. (Docket

No. 235.) Petitioner filed a reply on June 20, 2008. (Docket No. 236.)


## III. DISCUSSION

**A.    Standard of Review**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the

constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the
> ground that the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal

case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction

in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect

which inherently results in a complete miscarriage of justice.'" Graziano v. United States,

83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8,

12 (2d Cir. 1995)).

**B.      Petitioner's § 2255 Motion**

In his motion, Petitioner advances the following arguments: (1) his plea was coerced and involuntary; (2) the plea agreement is defective; (3) the "tolling" agreements are improper and unenforceable; and (4) he was denied effective assistance of counsel. (Docket No. 229.) Respondent argues that Petitioner's claims are procedurally barred and, in any event, lack merit.

**1.      Petitioner's Plea was Knowing and Voluntary.**

Petitioner claims that his plea was "coerced and involuntary" because his lawyer (1) failed to adequately explain the charges against him, (2) failed to provide him with "knowledge and understanding of basic issues," (3) gave him an incorrect plea agreement to review, and (4) ignored his request to ask this Court for an adjournment of the plea hearing.  (Docket No. 229, ¶¶ 9 (A) (ii), (iii), (vi), and (ix).)

The Supreme Court has held that the "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).   In cases where a criminal defendant has procedurally forfeited a claim due to his or her failure to raise it on direct appeal, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (a) cause for failing to raise the issue on appeal and prejudice resulting therefrom or (b) actual innocence.  Rosario, 164 F.3d at 732.  It is the petitioner's burden to show that his plea was not knowing and voluntary.  See Hargrove v. United States, No. 03-CV-6634, 2004 WL 2123497, at *2 (W.D.N.Y. Aug. 10, 2004).

In the instant case, Petitioner admits that he did not file an appeal of his conviction or sentence. (Docket No. 229, ¶¶ 5, 6, 8.) As such, his claim that his plea was not knowing and voluntary is procedurally defaulted. Moreover, Petitioner does not assert any cause for failing to file an appeal, nor does he claim to be actually innocent.

Further, even if the procedural default were set aside and Petitioner's claim was reviewed on the merits, this Court is satisfied that the transcript of the plea allocution overwhelmingly demonstrates that Petitioner entered his guilty plea knowingly and voluntarily.

"A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea . . . [a] pleas is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel." United States v. Galbraith, 313 F.3d 1001, 1006 (7th Cir. 2002).

As it does with each criminal defendant entering a guilty plea, this Court adhered to the strictures of Rule 11 of the Federal Rules of Criminal Procedure and made every effort to ensure that Petitioner's plea was knowing and voluntary. The following exchanges occurred:

> The Court: All right. In connection with this plea agreement and the entry of a plea as structured today, I take it that you consulted with everybody that you - - including yourself, but anybody else that you sought to consult with in terms of information gathering so that you can for yourself make an intelligent decision on whether to proceed forward, is that a fair statement?
>
> Petitioner: I have, your Honor. Including my family members.
>
> The Court: Okay. And you've had sufficient time to mull this all over and decide what specifically you wanted to do?

| | |
|---|---|
| Petitioner: | I have, your Honor. |
| The Court: | Okay. You've considered your attorney's advice in coming to your ultimate decision here? |
| Petitioner: | I have, your Honor. It was a very difficult decision in this case, because of the complexity and nature of it, and we've agreed that this is right and proper. |

(Tr. 12.)[2]

. . .

| | |
|---|---|
| The Court: | Are you uncomfortable in any way with the plea agreement and your understanding of this particular document? |
| Petitioner: | I just needed clarification on something I wasn't sure of. |
| The Court: | You're comfortable going forward? |
| Petitioner: | Yes, I am. |
| The Court: | You're comfortable with the agreement? |
| Petitioner: | Yes, I am. |
| The Court: | With your understanding of the terms and conditions? |
| Petitioner: | Yes, I am. |
| The Court: | And with the legal advice that's been given to you? |
| Petitioner: | Yes, I am. |
| The Court: | Okay. Any other promises, representations been made to you that are critical in your mindset to going forward and accepting this agreement that are not contained in this written document itself? In other words, is there more to this agreement than what's just in writing here? |

---

[2] The transcript of the plea proceedings is attached to the government's request for dismissal. See Docket No. 235-5.

|              |                                                                                                                                                                                                                  |
|--------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Petitioner:  | No, your Honor . . .                                                                                                                                                                                              |
| The Court:   | Okay.  All right . . .                                                                                                                                                                                            |

(Tr. 52-53.)

. . .

|              |                                                                                                                                                                                                                                                                                                                                                             |
|--------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| The Court:   | Okay.  I find specifically that the plea agreement is voluntary, and that there is an understanding of the terms and conditions and the possible consequences that you face in connection with this proceeding which relates specifically to Counts I and XVI, is that a fair statement, Mr. Blumhagen? |
| Petitioner:  | Yes, it is.                                                                                                                                                                                                                                                                                                                                                |

(Tr. 54.)

. . .

|              |                                                                                                                                                                                                                                                                                                                                                    |
|--------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| The Court:   | Okay.  All right.  I find specifically with respect to each count respectively based on the factual basis statement and the fact that you told me that you did what is charged, that your plea of guilty to Count 1 and Count XVI is knowing, you understand the terms, conditions, and possible consequences that you face - - |
| Petitioner:  | Yes, I do, your Honor.                                                                                                                                                                                                                                                                                                                              |
| The Court:   | - - correct?                                                                                                                                                                                                                                                                                                                                        |
| Petitioner:  | Yes, I do.                                                                                                                                                                                                                                                                                                                                          |
| The Court:   | Secondly, both counts individually, what you have done by way of entry of a plea of guilty is voluntary, nobody forced or threatened you to do what you have just done, fair statement?                                                                                                                                |
| Petitioner:  | That's correct.                                                                                                                                                                                                                                                                                                                                     |

(Tr. 55-56.)

These exchanges demonstrate that Petitioner knowingly and voluntarily entered his guilty plea to Counts 1 and 16 of the indictment.

Moreover, the plea agreement itself demonstrates that Petitioner acted knowingly and voluntarily. Immediately preceding Petitioner's original signature is the following acknowledgment:

> I have read this agreement, which consists of 19 pages. I have had a full opportunity to discuss this agreement with my attorney, Paul Enzinna, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

(Docket No. 175.)

Accordingly, even if it were proper to excuse the procedural default, this Court finds that Petitioner knowingly and voluntarily entered his guilty plea.

**2.      Petitioner's Claims That the Plea Agreement Is Defective and That the "Tolling" Agreements Are Improper and Unenforceable Are Barred.**

Petitioner claims that the plea agreement is defective and that the various "tolling" agreements are improper and unenforceable. (Docket No. 229, ¶¶ 9 (C) and (D).) Petitioner also argues that his sentence was improperly calculated. (Docket No. 229, ¶ 9 (C) (vii).) These substantive arguments are precluded by Petitioner's appeal waiver and failure to appeal.

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). This is

particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)). Petitioner admits that he did not file a direct appeal in this case. (Docket No. 229, ¶¶ 5, 6, 8.)

Moreover, a petitioner's waiver of his right to appeal or collaterally attack his sentence if it falls within an agreed-upon guideline range, as in this case, must be given effect. It is well-settled in the Second Circuit that an individual's knowing and voluntary waiver of his right to appeal a sentence imposed within an agreed-upon guideline range is enforceable. See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir.2001) (per curiam); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998) (per curiam).

Accordingly, Petitioner's substantive arguments are barred by his appeal waiver and failure to file an appeal.


### 3. Petitioner Did Not Receive Ineffective Assistance

The United States Supreme Court has held that an ineffective assistance of counsel claim may be raised in a § 2255 motion even if it was not raised on direct appeal. Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003); see also Graff v. United States, 269 F.Supp.2d 76, 78-79 (E.D.N.Y. 2003) (discussing Massaro).

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. CONST.

amend VI. It is well-established that "the right to counsel is the right to the effective assistance of counsel." Eze v. Senkowski, 321 F.3d 110, 124 (2d Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

The standard for determining whether a defendant was provided with effective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim under the Strickland standard, "a defendant must show (a) that counsel's representation 'fell below the objective standard of reasonableness' based on 'prevailing professional norms' and (b) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Eze, 321 F.3d at 123 (quoting Strickland, 466 U.S. at 688, 694).

When a conviction is secured by way of plea, the second Strickland factor is modified to require a defendant to demonstrate that but for counsel's unprofessional errors, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Tate v. Wood, 963 F.2d 20, 26 (2d Cir. 1992). There is a strong presumption in favor of the reasonableness of an attorney's performance. See Gilbert v. United States, 05-CV-325, 2006 WL 1174321, at *3 (N.D.N.Y. May 2, 2006) (citing Strickland, 466 U.S. at 688). This presumption applies because it is "too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . ." Strickland, 466 U.S. at 689.

Petitioner claims that his lawyer was ineffective for a variety of reasons, including (1) he did not adequately research issues relating to the statute of limitations; (2) he failed to adequately explain the indictment, tolling agreements, and the plea agreement; (3) he

failed to adequately assess the sentencing guidelines and explain them, and (4) he refused to meet with Petitioner and answer his questions. (Docket No. 229, ¶ 9 (A) and (B).)

There is no merit to Petitioner's post hoc claims that his lawyer was ineffective. Petitioner retained experienced criminal defense counsel from the Baker Botts law firm in Washington, D.C. Although Petitioner's principle attorney was unavailable for the plea proceedings, a partner in the firm who was familiar with Petitioner's case and active in the plea negotiations appeared on his behalf. Recognizing that Petitioner's principle counsel did not appear, this Court twice confirmed with Petitioner that he was comfortable going forward with his plea. (Tr. 2-3.) Moreover, Petitioner indicated that he had been in contact with his principle lawyer up until the week before the plea proceedings and he was ready to proceed. (Tr. 3-4.) Petitioner stated that he understood his lawyers and considered their legal advice in reaching his decision to plead guilty. (Tr. 11, 12, 53.) This Court asked Petitioner if he had time for discussions with counsel, and Petitioner responded that they had spoken most recently that morning. (Tr. at 13.) This Court specifically asked Petitioner whether there was any reason not to proceed with the plea, and he raised no objection to going forward. (Tr. at 14.)

Moreover, this Court exhaustively explained the terms of Petitioner's plea agreement, including the provisions addressing his appeal waiver, the elements and factual basis of the charges against him, the waiver of the statute of limitations defense, the sentencing calculations, his appeal rights, and his cooperation agreement. At no time did Petitioner indicate any problems or concerns regarding his legal representation. In fact, Petitioner's responses indicated that he had consulted with counsel, taken their legal advice, and was comfortable entering his guilty plea:

| The Court: | Are you uncomfortable in any way with the plea agreement and your understanding of this particular document? |
| Petitioner: | I just needed clarification on something I wasn't sure of. |
| The Court: | You're comfortable going forward? |
| Petitioner: | Yes, I am. |
| The Court: | You're comfortable with the agreement? |
| Petitioner: | Yes, I am. |
| The Court: | With your understanding of the terms and conditions? |
| Petitioner: | Yes, I am. |
| The Court: | And with the legal advice that's been given to you? |
| Petitioner: | Yes, I am. |

(Tr. 52.)

Petitioner's statements during the plea colloquy refute the notion that he was dissatisfied with his lawyers and are contrary to the allegations of ineffectiveness he now asserts, none of which are substantiated. In this Court's view, Petitioner has not established that counsel's conduct was objectively unreasonable or that there would have been a different result but for counsel's conduct. See United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) ("[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea"). Accordingly, this Court finds that Petitioner has failed to meet the Strickland/Hill standard.

**C.** **Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Rhagi v. Artuz</u>, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. A certificate of appealability will therefore not be issued.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction is denied. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct

his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 230) is DENIED.

FURTHER, that Respondent's Request for Dismissal of the Petition (Docket No. 235) is GRANTED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close both 03-CR-56S and 07-CV-854S.

SO ORDERED.

Dated: September 23, 2009
     Buffalo, New York


                /s/William M. Skretny
                WILLIAM M. SKRETNY
                United States District Judge